IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BATTLE FORCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-39, <br><br> Defendants. | Civil No. 12-6539-JBS-KMW |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER has come to the Court by way of the Court's Order to Show Cause as to why all John Does except John Doe 1 should not be severed and dismissed without prejudice [Doc. No. 8]. The Court considered the Plaintiff's Response to the Order to Show Cause [Doc. No. 10] and held a hearing on June 21, 2013 at which Plaintiff presented argument; and for the reasons stated below, the Court finds that joinder of all thirty-nine Defendants is not appropriate under Rule 20(a) of the Federal Rules of Civil Procedure.

**Background**

This action involves the alleged illegal distribution of Plaintiff's copyrighted work, the Motion Picture *Battle Force* (the "Work"). Plaintiff alleges that each of the thirty-nine

John Doe Defendants used an internet file sharing protocol
called BitTorrent to copy and reproduce the Work without
authorization.  On October 17, 2012, Plaintiff filed a Complaint
against thirty-nine John Doe Defendants that Plaintiff
identified by IP address only, alleging that Defendants
infringed on Plaintiff's copyright registration by utilizing an
"online media distribution system to reproduce and distribute to
the public, including by making available for distribution to
others, the [Work]."  (Compl. ¶ 12, Document Number ("Doc No.")
1).  Plaintiff alleges that all thirty-nine Defendants
"participated in a swarm and/or reproduced and/or distributed
the same seed file of Plaintiff's Copyrighted Motion Picture in
digital form with each other."  (*Id.*).

        On May 15, 2013, the Court *sua sponte* issued an Order
to Show Cause as to why all John Does except John Doe 1 should
not be severed and dismissed without prejudice.  On June 10,
2013, Plaintiff filed a response to the Court's Order to Show
Cause in which Plaintiff argued that joinder of John Does 1
through 39 is appropriate in this case pursuant to FED. R. CIV. P.
20(a) because each defendant's alleged infringement occurred
through a series of transactions and there exist common issues
of both law and fact regarding each Defendant.  On June 21,
2013, the Court conducted a hearing at which Plaintiff presented

oral argument as to why joinder of John Does 1 through 39 is appropriate in this case.

## Discussion

Pursuant to Rule 20(a) of the Federal Rules of Civil Procedure, "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21.

"[P]ermissive joinder rests within the sound discretion of the court, who must determine whether the proposed joinder comport[s] with the principles of fundamental fairness." *Dragon Quest Prods., LLC v. John Does 1-100*, No. 12-6611, 2013 U.S. Dist. LEXIS 83683, at *11 (D.N.J. June 14, 2013) (internal citations omitted). "[S]everance of parties where joinder is not required is committed to the court's discretion if it finds that the objectives of the rule are not fostered, or that

3

joinder could result in prejudice, expense, or delay." *Id.*

(internal citations omitted). Since joinder of defendants

pursuant to Rule 20 is discretionary, "even if a court finds the

necessary conditions of Rule 20 are satisfied, it need not

permit joinder." *Voltage Pictures v. John Does 1-60*, No. 12-

6885, Doc. No. 10, 3 (D.N.J. May 31, 2013) (citing *Hagan v.*

*Rogers*, 570 F.3d 146, 157 (3d Cir. 2009) ("Our decision does not

limit the District Court's broad authority with regard to

joinder under Rule 20, which is, after all, discretionary.")).

      Courts within this District have reached different

conclusions regarding whether joinder is appropriate in cases

involving alleged copyright infringement against a group of John

Doe defendants in connection with the use of BitTorrent. Cases

holding that joinder is not appropriate have generally concluded

that the BitTorrent technology does not support a finding of

proper joinder under Rule 20 because the instances of

distribution alleged in the complaint are separate transactions

and occurrences which do not constitute a series pursuant to

Rule 20. *See, e.g., Amselfilm Prods. GMBH & Co. KG v. Swarm*

*6a6dc*, No. 12-3865, 2012 U.S. Dist. LEXIS 186476, at *3-4, n.3

(D.N.J. Oct. 10, 2012) (finding joinder to be inappropriate and

severing the defendants because the court was "not convinced

that the purported instances of distribution . . . are a part of

4

the same transaction" and "it is probable that different people within the swarm never distribute a piece of the work to the same person, or at the same moment in time"); *see also Dragon Quest Prods., LLC*, 2013 U.S. Dist. LEXIS 83683, at \*22-23 (holding that joinder is inappropriate because "the use of the BitTorrent protocol by Defendants in these cases does not constitute a series of transactions or occurrences necessary to meet the requirements for joinder under Rule 20(a)(2)(A)").

Additionally, other courts have found that joinder is inappropriate based on discretionary factors, such as logistical and case management challenges that are presented with managing a case that has many defendants. In these cases, the courts have reasoned that each defendant is likely to have different factual and legal defenses, motions, unique and individual discovery disputes, and other similar challenges. *See, e.g., Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165, 170 (S.D.N.Y. 2012) (declining to reach a conclusion as to whether joinder is proper under Rule 20(a), but severing John Does 2-27 due to three practical considerations). The court in *Next Phase* found that joinder is inappropriate for multiple case management reasons, including the factually and legally differing defenses likely to be offered by each of the twenty-seven defendants and the logistical concerns that arise in a lawsuit with that many

defendants.  For instance, the right of each defendant to be

present at every other defendant's deposition and the difficulty

that any pro se defendant would have with serving each court

filing on all of the other defendants are two logistical

concerns highlighted by the court.  *Id.*  Similar concerns were

noted in *Dragon Quest Prods., LLC*, where the court noted that

"the Court finds that logistical difficulties present in a case

involving numerous defendants," as "not only would normal

routine case management be problematic, but in some instances it

would be physically impossible for every party to appear in

court should they so choose."  *Dragon Quest Prods., LLC*, 2013

U.S. Dist. LEXIS 83683, at *31-32.

On the other hand, courts in this District have also

permitted joinder in BitTorrent cases.  For example, in *Malibu

Media, LLC v. John Does 1-11*, the court held that "given that

Third Circuit courts liberally construe the joinder rules, the

Court finds that plaintiff has adequately alleged that

defendants participated in the same series of transactions or

occurrences (i.e., copying plaintiff's Works without consent)

that gave rise to the infringement alleged in the Complaint."

No. 12-7726, 2013 U.S. Dist. LEXIS 52029, at *11 (D.N.J. Apr.

11, 2013).  In furtherance of its rationale, the Court reasoned

that (1) "the record is not sufficiently developed at this early

stage in the litigation to allow an informed ruling on whether

plaintiff must show a more precise causal connection between the

John Doe defendants to ensure that joinder is appropriate and

that Rule 20(a)(2)(A) is satisfied"; and (2) in that particular

case in which only eight defendants remained, case management

concerns sufficient enough to warrant severing the defendants

did not exist.  *Id.* at *13-14, n.4.

       Here, Plaintiff argues that joinder is appropriate

because the Defendants allegedly infringed upon the Work in a

"series of transactions" pursuant to Rule 20(a) and there are

common questions of law or fact.  Pl. Response to Order to Show

Cause ("Pl. Resp."), 4-7.  Plaintiff relies primarily on *Patrick

Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161 (E.D. Mich.

2012), wherein the court denied by report and recommendation a

motion to dismiss due to misjoinder where the plaintiff claimed

that the twenty-one John Doe defendants downloaded and uploaded

a copyrighted adult movie via BitTorrent.  The court held that

joinder of the twenty-one defendants, all of whom plaintiff

alleged were part of the same Swarm and reside in the Eastern

District of Michigan based on their IP addresses, was proper

because "[i]t is difficult to see how the sharing and

downloading activity alleged in the Complaint – a series of

individuals connecting either directly with each other or as

part of a chain or 'swarm' of connectivity designed to illegally copy and share the exact same copyrighted file – could *not* constitute a 'series of transactions or occurrences' for purposes of Rule 20(a)." *Id.* at 167 (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 229 (S.D.N.Y. 2012)). The court in *Patrick Collins* reasoned that each of the John Doe defendants "must have downloaded the piece(s) [of the movie at issue] each had on his or her computer in one, or more, of . . . four [particular] ways." *Id.* at 165. The court therefore concluded that "each [d]efendant is logically related to every other [d]efendant because they were all part of a series of transactions linked to a unique Initial Seeder and to each other. This relatedness arises not merely because of their common use of the BitTorrent protocol, but because each [d]efendant affirmatively chose to download the same Torrent file that was created by the same initial seeder." *Id.*

In this case, Plaintiff attached an Exhibit to the Complaint which lists the IP address of each alleged infringer, the thirty-nine Defendants, and the dates and times of the alleged infringement for each IP address. The dates of infringement range over the course of more than a month (from July 5, 2012 to August 14, 2012). Therefore, it is not alleged that each defendant infringed at the same time, or even on the

same day.  In addition, each of the alleged infringer's IP

addresses are located within the District of New Jersey, and

more specifically within Southern New Jersey.  The Court is

persuaded by Plaintiff's argument that permissive joinder is

appropriate under Rule 20(a) because (1) the thirty-nine

Defendants allegedly infringed through a series of transactions

which are logically related to each other; and (2) there are

common questions of law and fact with respect to Plaintiff's

claims against each Defendant.  The Court is further persuaded

by the court's reasoning in *Patrick Collins* that the defendants

are each logically related to one another due to the fact that

they each downloaded a piece of the same file on the same

BitTorrent system which was created by the same initial seeder.

However, the Court finds that joinder is inappropriate

due to case management and logistical concerns.  Simply stated,

thirty-nine defendants present significant case management

concerns and difficulties.  The Court envisions a host of case

management challenges when considering the facts and

circumstances of this case.  Specifically, the Court is

concerned that each defendant may have a different factual

defense to Plaintiff's claims.  Conceivable defenses include

claims that the owner of the IP address did not download the

Work but many people in the household have access to the IP

address; that the owner of the IP address had visitors on the date of the alleged infringement who utilized his IP address; or that the owner of the IP address' wireless internet router is unsecured, and therefore anyone who can access the signal may have utilized the IP address on the date of the alleged infringement.

In addition to the likelihood that many of the Defendants will have different defenses, the Court also finds that it will be difficult to manage discovery with respect to each of the thirty-nine Defendants, given that the identity of each Defendant will likely not be discovered at the same time. Thus, each Defendant's participation in the litigation will not be synchronized and would be commenced on a rolling basis. For instance, the identity of John Doe 1, whose IP address only he accesses, will more readily be discovered and his participation in the litigation garnered early on, whereas, the true identity of John Doe 2, who is not the holder of the IP address identified in the Complaint, may only be discerned after inquiry is made of the holder of the IP address, additional discovery is undertaken, and weeks and even months have passed.

As in *Next Phase*, the Court finds that the logistical problems that arise with thirty-nine Defendants militates

against joinder.[1]  Due to the Court's case management concerns
noted above, the Court finds that joinder is inappropriate in
this matter and therefore severs Plaintiff's claims as to each
Defendant.

### Conclusion

Consequently, for the reasons stated above, IT IS on
this **25th** day of **October, 2013** hereby

**ORDERED** that the claims as to all John Doe Defendants
in this case shall be, and are hereby, severed; and it is
further

**ORDERED** that Civil No. 12-6539 shall proceed against
John Doe 1 only.

s/ Karen M. Williams
KAREN M. WILLIAMS
United States Magistrate Judge

cc:  Hon. Jerome B. Simandle

---

[1]     While the Court is reluctant to specify a number of Defendants that
would not implicate the case management concerns expressed by this and other
courts, the Court notes that its active docket consists of approximately 450
cases; of those, approximately 200 identify between three and six separate
defendants.  Thus, the Court finds that it often undertakes the management of
cases with multiple defendants, provided the number of defendants is
significantly fewer than the thirty-nine sought here.